UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST C. WOODS,<br><br>    Plaintiff,<br><br>    v.<br><br>RON BROOMFIELD,<br><br>    Defendant. | Case No. 22-cv-02312-JSW<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the denial of parole. He has paid the filing fee. For the reasons discussed below, the petition is DISMISSED for failure to state cognizable grounds for federal habeas relief.

**DISCUSSION**

I.    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.    Legal Claims

In 1987, Petitioner was sentenced to a term of 17 years to life for murder. He has been denied parole on multiple occasions, most recently in 2021. His federal habeas petitions

challenging prior parole denials in 2017 and 2019 were denied. *See* Case Nos. C 20-1444 JSW; C 18-4979 JSW. In Case No. 18-4979 JSW, Petitioner claimed that the denial of parole violated his rights under the Eighth Amendment, Fifth Amendment, and Sixth Amendment, and the wait between parole hearings violated the Ex Post Facto Clause. The Court found that the denial of parole did not violate these constitutional rights. Those claims were repeated in Case No. C 20-1444 JSW and were denied again for the same reasons they were denied in the prior petition. In Case No. C 20-1444 JSW, Petitioner also claimed that the denial of parole violated his Sixth Amendment right to counsel, was unconstitutionally vague, and violated state law. Those claims were found not to be cognizable, either.

Here, Petitioner repeats his claims under the Eighth and Fifth Amendments. For the reasons discussed in the dismissal order in Case No. C 18-4979 JSW, these claims do not warrant federal habeas relief. He also claims that the denial of parole violated his First Amendment right to "redress the government" because his motions to "the courts" for appointment of counsel and expert witnesses were denied. It is unclear what decisions by a court (presumably state court) have to do with the decision he challenges here by the Board of Parole Hearings. It has been previously explained to Petitioner that he does not have a federal constitutional right to counsel at a parole hearing. Consequently, any decision by the Board or a state court denying him counsel or an expert for his parole hearings does not afford him grounds for federal habeas relief. If Petitioner means to challenge the denial of counsel or experts in his criminal proceedings, he must do so in a new habeas petition challenging the relevant state-court judgment, not in a petition challenging his parole decision.

## CONCLUSION

For the reasons discussed above, the petition is DISMISSED.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the

petition is dismissed.  Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 22, 2022

_____
JEFFREY S. WHITE
United States District Judge

3